# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

You FIT, INC., YF HOLD1NGS, INC. and
YOU FIT ENTERPRISES, INC.,

        Plaintiffs,

v.

PLEASANTON FITNESS, LLC,
ZEUS FITNESS, LLC, OM FITNESS LLC,
MONTEREY FITNESS, LLC,
SANJIV CHOPRA, SHEENA CHOPRA,
MICHAEL ZARRILLO and
TRACY ZARRILLO,

        Defendants.

_____/

Case No. 8:12-CV-01917-JDW-EAJ

**DEFENDANTS PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, AND MONTEREY FITNESS, LLC MOTION FOR LEAVE TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO OPPOSE A MOTION FOR PRELIMINARY INJUNCTION (FRCP 6(b))**

TO PLAINTIFFS AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Pleasanton Fitness, LLC, Zeus Fitness, LLC, Om Fitness LLC, And Monterey Fitness, LLC ("LLC Defendants") will and hereby do move the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to enlarge time to allow LLC Defendants to respond to the Complaint and to oppose a pending motion for preliminary injunction heard on October 2, 2012 in this Court. This motion is brought on the following grounds: excusable neglect and LLC Defendants have good and meritorious defenses to the motion for preliminary injunction. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and the declarations of Sanjiv Chopra and Nancy J.

Flint filed herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs You Fit, Inc., YF Holdings, Inc. and You Fit Enterprises, Inc. ("Plaintiffs") filed a PLAINTIFFS' MOTION TO STRIKE NOTICE OF FILING OF NOTICE OF REMOVAL TO UNITED STATES BANKRUPTCY COURT AND INCORPORATED MEMORANDUM OF LAW on September 28, 2012 ("Motion to Strike"). On October 19, 2012, the Court granted the Motion to Strike.

On September 25, 2012, LLC Defendants were served with a Notice of Filing of Notice of Removal to United States Bankruptcy Court (Ex. 19 of Document 6, Exhibits in Support of the Declaration of Robert M. Yaspan in Support of Removal of Action), which stated "PLEASE TAKE FURTHER NOTICE that in accordance with Federal Rules of Bankruptcy Procedure, rule 9027(c), the parties shall proceed no further in the District Court unless and until the above captioned action or any portion thereof is remanded." The attachment to Ex. 19 stated good grounds for removal of the case as to LLC Defendants under 28 U.S.C. §1334(e)(1) and 11 U.S.C. §541, as the LLC Defendants are not only a property of the bankruptcy estate, they are the primary source of income supporting the Chapter 11 reorganization plan in United States Bankruptcy Court, Eastern District of California, Modesto Division under Case No. 11-93411-E-11 ("Removed Case") (*See* DECLARATION OF SANJIV CHOPRA IN SUPPORT OF DEFENDANTS PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, AND MONTEREY FITNESS, LLC MOTION FOR LEAVE TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO OPPOSE A MOTION FOR PRELIMINARY INJUNCTION (FRCP 6(b)), the "Chopra Dec.", at para. 6).

LLC Defendants, to have taken further action in this case without a ruling by this Court on the issue of the removal, would have eliminated the LLC Defendants' potential protected status in the Removed Case. Without a ruling by this Court, the LLC Defendants risked loss of protection of bankruptcy court for the debtors and their assets. In addition, the court in the Removed Case finds it properly removed as an adversary action (under Adversary No. 12-09029-E) and has set the case for scheduling conference consistent with the requirements of Rule 26(b) (Chopra Dec., para. 7). All facts and law available to LLC Defendants, but for a ruling from this Court, supported the fact that the removal was in force on September 25, 2012 and acted accordingly.

This Court, in granting the Motion to Strike, has ruled that the argument in opposition of the Motion to Strike was not adequate to sustain the removal to the Removed Case. Defendants Sanjiv Chopra and Sheena Chopra, debtors in the Removed Case, upon information and belief apparently will not request reconsideration of the decision for the Motion to Strike and apparently will not appeal the decision. In response to that ruling on the Motion to Strike, LLC Defendants now seek to file their response to the Complaint in this Court. If so required, the LLC Defendants will file a verified form of their answer filed in the Removed Case.

As a critical further request to the Court, the case of Adversary No. 12-09029-E is still pending in the Removed Case and LLC Defendants – this Court's holding on the Motion to Strike implies but does not purport to order the bankruptcy court in the Removed Case to terminate all further proceedings in the case of Adversary No. 12-09029-E. This Court leaves LLC Defendants with two actions in two courts without such an order. If this Court finds it lacks the power to enforce such an order, the two cases must be stayed until that matter is resolved.

The LLC Defendants served a copy of their answers on Plaintiffs (Chopra Dec., para. 8). Plaintiffs have been in possession of the answer of LLC Defendants (in fact the answers of all defendants) for some time now. All the defendants in this case have answered Plaintiff's Complaint and served Plaintiffs with those answers, albeit in a different federal court. Plaintiffs would not have been entitled to anything more in this Court.

Plaintiffs are on actual notice of and have had presented to them meritorious defenses of the LLC Defendants through their answer filed in the case of Adversary No. 12-09029-E. These defenses include unclean hands of Plaintiffs, failure to state a claim under Rule 12(b)(6), and de minimus damages. LLC Defendants have presented substantial meritorious defenses and how they present serious challenges to their motion for preliminary injunction.

LLC Defendants, in that Plaintiffs seek through their motion for preliminary injunction an order that will harm the LLC Defendants at least in the amount of $100,000 only as to the trademark matters (Chopra Dec., para. 9). Plaintiffs seek injunctive relief for misappropriation of trade secrets against LLC Defendants of alleged trade secrets that are facially in the public domain. This makes injunctive relief for those matters impossible for LLC Defendants to determine what is being enforced against misappropriation. It is manifestly unfair to allow Plaintiffs to prevail on injunctive relief (effectively by default) where Plaintiffs themselves allege in their verified Complaint to be located, but for a gym in Arizona, solely in 38 locations 2800 miles from those of LLC Defendants. Such separation in alleged trademark infringement or dilution in these circumstances results in no possible harm to Plaintiffs. Their alleged instances of actual confusion are citations to third party Internet postings that are facially hearsay and wrongfully asserted as evidence of confusion.

As stated above, the LLC Defendants will suffer extreme financial loss if they are not allowed to file opposition to the motion for preliminary injunction (Chopra Dec., para. 9).

This Court issued its decision on the Motion to Strike on Friday, October 19, 2012. LLC Defendants later that day delivered to Plaintiffs' counsel an email communication asking if Plaintiffs would object to the filing of a motion to enlarge time for LLC Defendants to file opposition to the motion for preliminary injunction and to enlarge time to file a response to the Complaint (*See* DECLARATION OF NANCY FLING IN SUPPORT OF DEFENDANTS PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, AND MONTEREY FITNESS, LLC MOTION FOR LEAVE TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO OPPOSE A MOTION FOR PRELIMINARY INJUNCTION (FRCP 6(b)), the "Flint Dec.", at para. 5). In a further sharp practice, Plaintiffs responded that they rejected such an effort by LLC Defendants and on Monday, October 22, 2012, filed their motions for entry of default against LLC Defendants (Flint Dec., paras. 6-7). LLC Defendants have acted promptly and appropriately upon service of the decision of this Court on the Motion to Strike with respect to a motion to enlarge time to file an opposition to the motion for preliminary injunction.

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure:

> (b) Extending Time.
> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:…
>  (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

On October 2, 2012, under the law of this case and subsequently found acceptable to the court in the Removed Case, LLC Defendants filed their answer to the Complaint to respect the

authority of the bankruptcy court in the Removed Case. While LLC Defendants may disagree with this Court's decision to grant the Motion to Strike, they will not challenge that decision, and now seek only to enlarge time to meet the changed requirements of this Court as opposed to the court in the Removed Case. Thus, LLC Defendants seek under Rule 6(b) this Court's permission to file opposition to the pending motion for preliminary injunction within 10 days of the filing date of this motion. LLC Defendants are a going business and will be severely harmed if not permitted to at least challenge the pending motion for preliminary injunction (Chopra Dec., para. 9). In contrast, Plaintiffs will not be harmed, as Plaintiffs are currently seeking by motion relief from the automatic stay in the Removed Case. In consideration of that fact and the fact that the automatic stay as to Chopra Defendants is in effect, all action in this case could be stayed up to 30 days until a decision by the court in the Removed Case so this Court is not re-hearing a motion similar to this one for the Chopra Defendants.

This Court is instructed by the Supreme Court to consider the factors set out in *Pioneer Investment Services v. Brunswick Associates*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993), with respect to the standard for evaluating excusable neglect as follows:

> "We conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the court of appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

This test was used in this Circuit in *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997). "[T]he determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"

*Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999) (citation omitted).

Prejudice to Plaintiffs is minimal in light of their pending motion in the Removal Case for relief from the automatic stay as to the Chopra's. Plaintiffs were aware of the Removal Case and the automatic stay by receiving a copy of the bankruptcy petition of the Chopra's on or about September 21, 2012. They waited more than 3 weeks to file for relief from the automatic stay, indicating that Plaintiffs were not in a rush for a critical determination of that matter. In addition, there is substantial evidence that the Chopra's are indispensable parties to this action based on the joint actions alleged in the Complaint as to all defendants in this case, such as for civil conspiracy and interference with contractual relationships, for which defendants will have indemnity and apportionment rights to be decided in this action.

The length of enlargement requested, 10 days, is reasonable in light of the seriousness of harm done to LLC Defendants in absence of such a grant of enlargement of time and in light of the separation of only 4 days since this Court issued its grant of the Motion to Strike. A 10 day delay will not unduly impact these proceedings, as now 6 of 8 defendants in this case are now appearing as required before this Court and 2 more may be on their way if Plaintiffs' motion for relief from automatic stay is granted. It is relatively early in this case, Plaintiffs are in possession of all defendants' answers. The length of delay is reasonably in light all circumstances.

LLC Defendants are well aware of that under Rule 6(b) " '…counsel's misunderstanding of the law cannot constitute excusable neglect.'" *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007) (citation omitted). Also found in *Pioneer*, 507 U.S. at 392: "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept'…".

This is <u>not</u> a case of misunderstanding of law by LLC Defendants. This is <u>not</u> a case where LLC Defendants misunderstood the Federal Rules of Civil Procedure. LLC Defendants were aware that September 25, 2012 was the date set by this Court for filing of opposition to Plaintiffs' motion for preliminary injunction and that a hearing on that motion was set for October 2, 2012. This Court had good grounds to deny the Motion to Strike. This Court could have found that the ministerial transfer under bankruptcy court rules of this case from the Middle District of Florida to the Eastern District of California (which would have automatically referred it to the Bankruptcy Court) was capable of being remedied by retroactive application by defendants in this case. No mistake of law or rules was made by LLC Defendants. A genuine dispute as to law was briefed by the parties and decided by this Court. LLC Defendants now, just 4 days after that decision to meet the requirements of Local Rule 3.01(g), file this timely motion to enlarge time for just 10 days from this date to file opposition to Plaintiffs' motion for preliminary injunction.

**REQUEST FOR HEARING**

Defendants herein request a hearing on this motion at the Court's pleasure. Defendants estimate that oral argument in this matter will not exceed thirty (30) minutes for each side. Defendants' counsel, herein, requests he be allowed to attend the hearing telephonically.

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned conferred with Plaintiffs' counsel who have responded that they do not agree with the position taken and the relief sought in this motion.

<div style="margin-left: 50%;">

Respectfully Submitted,

</div>

DATED: <u>October 23, 2012</u>

<div style="margin-left: 50%;">

/s/ Nancy J. Flint
Nancy J. Flint, Esq., FBN 164623
NANCY J. FLINT, ATTORNEY AT LAW,
P.A.
1844 N. Nob Hill Road, #424
Plantation, Florida 33322
Tel. (954) 812-0660
Fax: (866) 517-9150
Email: nancy@flintiplaw.com

David T. Bracken, Esq.
Law Offices of David T. Bracken
4839 East Bond
Orange, California 92869
Telephone (714) 744-4798
Facsimile (714) 771-3968
Email: dtb@brackenlaw.com

ATTORNEYS FOR DEFENDANTS
PLEASANTON FITNESS, LLC; ZEUS
FITNESS, LLC; OM FITNESS, LLC; and
MONTEREY FITNESS, LLC

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Nancy J. Flint
Nancy J. Flint, Esq., FBN 164623
NANCY J. FLINT, ATTORNEY AT LAW, P.A.
1844 N. Nob Hill Road, #424
Plantation, Florida 33322

**SERVICE LIST**

VIA CM/ECF and EMAIL:

Brad F. Barrios, Esq.
Christina K. Ramirez, Esq.
Kenneth George Turkel, Esq.
Bajo Cuva Cohen Turkel, PA
100 N. Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone (813) 443-2199
Facsimile (813) 443-2193
Email: brad.barrios@bajocuva.com; cramirez@bajocuva.com; kturkel@bajocuva.com

ATTORNEYS FOR PLAINTIFFS

Robert M. Yaspan, Esq.
Law Offices of Robert M. Yaspan
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
Telephone (818) 905-7711
Facsimile (818) 501-7711
Email: ryaspan@yaspanlaw.com and
court@yaspanlaw.com

ATTORNEY FOR DEFENDANTS SANJIV
AND SHEENA CHOPRA

Scott Jordan, Esq.
Danville Law Group
319 Diablo Road, Suite 202
Danville, CA 94526
Tel:    (925) 362-1725
Fax:    (925) 263-1905
Email: sjordan@danvillelawgroup.com

ATTORNEY FOR DEFENDANTS
MICHAEL AND TRACY ZARRILLO

VIA EMAIL:

David T. Bracken, Esq.
Law Offices of David T. Bracken
4839 East Bond
Orange, California 92869
Telephone (714) 744-4798
Facsimile (714) 771-3968
Email: dtb@brackenlaw.com

ATTORNEY FOR DEFENDANTS
PLEASANTON FITNESS, LLC; ZEUS
FITNESS, LLC; OM FITNESS, LLC; and
MONTEREY FITNESS, LLC