**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

You FIT, INC., YF HOLD1NGS, INC. and
YOU FIT ENTERPRISES, INC.,

        Plaintiffs,

v.

PLEASANTON FITNESS, LLC,
ZEUS FITNESS, LLC, OM FITNESS LLC,
MONTEREY FITNESS, LLC,
SANJIV CHOPRA, SHEENA CHOPRA,
MICHAEL ZARRILLO and
TRACY ZARRILLO,

        Defendants.
_____/

Case No. 8:12-CV-01917-JDW-EAJ

**DEFENDANTS PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, AND MONTEREY FITNESS, LLC OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE ELIZABETH A. JENKINS OF OCTOBER 31, 2012**

**CASE STATUS**

Defendants Pleasanton Fitness, LLC, Zeus Fitness, LLC, Om Fitness LLC, and Monterey Fitness, LLC ("LLC Defendants") hereby object to the REPORT AND RECOMMENDATIONS of U.S. Magistrate Judge Elizabeth A. Jenkins of October 31, 2012 ("Report") and do move the Court to grant DEFENDANTS PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, AND MONTEREY FITNESS, LLC MOTION FOR LEAVE TO ENLARGE TIME TO OPPOSE A MOTION FOR PRELIMINARY INJUNCTION (FRCP 6(b)) (the "Enlarge Motion"). The Enlarge Motion was filed in

response to Plaintiffs' MOTION FOR TEMPORARY RESTRAINING ORDER, OR, IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION filed on August 23, 2012 ("PI Motion").

On November 7, 2012, the LLC Defendants filed DEFENDANTS PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, AND MONTEREY FITNESS, LLC MOTION TO DISMISS TO PLAINTIFFS' COMPLAINT [FRCP 12(b)(6)] OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT ("Motion to Dismiss"). A true copy of the Motion to Dismiss is attached as Exhibit 1 and is incorporated herein. The Motion to Dismiss contains many of the relevant facts and authorities for the objections of the LLC Defendants herein.

The Court in the Report did not have available to it the facts and authorities disclosed in the Motion to Dismiss. It is thus proper for the Court to reconsider its denial of the Enlarge Motion under the standard expressed in *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997). "[T]he determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)" The instruction of that opinion required taking into account "all" relevant circumstances, which dramatically changed upon the filing of the Motion to Dismiss.

### I.    OBJECTIONS OF THE LLC DEFENDANTS

**A.    A Decision on Preliminary Injunction Must be Stayed Until Personal Jurisdiction is Decided by this Court**

Despite a complete absence of contacts between LLC Defendants and the State of

Florida establishing personal jurisdiction, Plaintiffs commenced this action against LLC Defendants in this Court, upon the pleaded pretense that LLC Defendants have acted to harm Plaintiffs in Florida. At all times, the LLC Defendants have been a family-operated large gym operator with places of business only in mid portion of California, with advertising and contacts only with local customers, generally in the Stockton to Fresno area Declaration of Sanjiv Chopra in Support of Defendants Pleasanton Fitness, LLC, Zeus Fitness, LLC, OM Fitness LLC, And Monterey Fitness, LLC Motion To Dismiss To Plaintiffs' Complaint [FRCP 12(B)(6)] Or, In The Alternative, For A More Definite Statement ("Chopra Dec.") at ¶ 8). The Chopra's and the LLC Defendants, under Fla.Stat. ch. 48.193, have not been (a) operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida, (b) committing a tortious act within Florida, (c) owning, using, possessing, or holding a mortgage or other lien on any real property in Florida, (d) contracting to insure any person, property, or risk located in Florida at the time of contracting, … (f) causing injury to persons or property in Florida state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, because the defendants were not engaged in solicitation or service activities in Florida and had no products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use, and (g) breaching a contract in Florida by failing to perform acts required by the contract to be performed in this state (Chopra Dec. at ¶ 8).

The LLC Defendants (1) have no offices in Florida, (2) have no employees, agents, or contractors in Florida, (3) own no real estate in Florida, (4) maintain no physical assets in

Florida, (5) have no customers or contract relations with any Florida entity, (6) do not attend trade shows in or visit Florida for any reason, (7) do not advertise or in any way seek business in Florida, and (8) had no communications with Plaintiffs before being served with the Summons and Complaint (Chopra Dec. at ¶ 9). The LLC Defendants do not pay taxes in Florida, do not send their employees to Florida, are not registered to do business in Florida and have never delivered goods of any kind to Florida (Chopra Dec. at ¶ 9). The Chopra's and the LLC Defendants have never allowed Defendants Michael Zarillo or Tracy Zarillo to act on their behalf or have any right to represent them in any way (Chopra Dec. at ¶ 9). Specifically, Defendant Michael Zarillo did not act on behalf of or represent the LLC Defendants related to statements made in the Affidavit of Michael Scichilone (Chopra Dec. at ¶ 9). New Line Fitness of Arizona, which is believed to be Mr. Zarillo's company, was retained by the LLC Defendants to assist in the purchase and selection of fitness equipment.

Far from doing business in Florida, the Chopra's and the LLC Defendants offer gym services only in a mid portion of California (Chopra Dec. at ¶10). The LLC Defendants' website has an e-commerce capability only for signing new members after a landing page that shows the viewer a list of only ten available gym locations in the central California cities (as seen in Plaintiffs' Ex. G of shown in Plaintiffs present motion for preliminary injunction and Chopra Dec. at ¶10). If anyone from Florida were to accidentally access the LLC Defendants website, they would instantly understand the services could be had only in a limited central California range before given access to any landing page, and LLC Defendants have never had any contacts through their website of anyone from Florida (Chopra Dec. at ¶10). Finally, in its Complaint, Plaintiffs allege no facts that LLC

4

Defendants have any contacts with Florida, other than an unsupportable bare allegation of the commission of acts of infringement or taking of valueless "trade secrets" with a tenuous affect in Florida. In fact, LLC Defendants are not domiciled in and have not engaged in any activity in or with Florida (Chopra Dec. at ¶10).

An Affidavit of Eric Holder describes a link in websites maintained by LLC Defendants whose activation results in display of Plaintiffs' website, a benefit to Plaintiffs and diversion of interest in the LLC Defendants to a franchising opportunity. That link was delivered to the LLC Defendants by their website developer, Advecor, whose function or actual activation result was unknown to LLC Defendants until the Affidavit of Eric Holder was served on them, before which it was disabled (Chopra Dec. at ¶11). LLC Defendants never intended such an action nor endorsed it in any way (Chopra Dec. at ¶11). As such, LLC Defendants never intended or directed activities toward Florida.

The Court in *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623 (11th Cir. 1996), trademark infringement case, found that no personal jurisdiction existed for entities that had basically no business or personal connection with Florida under Florida's long-arm statute. "Florida's long-arm statute is to be strictly construed." *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank*, N.V., 701 F.2d 889, 891 (11th Cir.1983). Under Florida law, Plaintiffs must prove personal jurisdiction: "When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir.1990)

Florida's long-arm statute, Fla.Stat. ch. 48.193 is repeated in relevant part:

5

> (1)Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> (b) Committing a tortious act within this state.
> (c) Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
> (d) Contracting to insure any person, property, or risk located within this state at the time of contracting….
> (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: 1.The defendant was engaged in solicitation or service activities within this state; or 2.Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
> (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

On the basis of the Chopra Dec., Plaintiffs can't possibly assert any provisions except (1)(b) or (1)(f). Part (1)(f) falls by the wayside, as LLC Defendants do not solicit or serve any entity in Florida and don't provide anything for use or consumption in Florida. If "Florida's long-arm statute is to be strictly construed," Plaintiffs' assertion of personal jurisdiction over any LLC Defendant fails. More to point, *Sculptchair* directly addressed the mere echo of an allegation of harm in Florida as presented by Plaintiffs:

> None of these individuals manufactured, sold, leased, or solicited orders for chair covers or any other products in Florida. They maintained no offices or agents in the state. Benny Bien's sole activities in Florida amounted to a series of telephone conversations with Kelldorf's Florida office and a one-hour meeting to facilitate a contract to be performed wholly in Canada to which he was not even a party. We have no difficulty concluding that Benny Bien's limited intermediary activities fail to qualify as carrying on a business or business venture in Florida.

Plaintiffs fail to show any loss of business opportunity in anywhere. Which leaves

6

only Part (1)(b). Plaintiffs never allege a tort being committed in Florida. Every allegation of a tortious act by LLC Defendants points solely to activity in California. No allegation of misappropriation of an alleged trade secret of Plaintiffs took place in Florida. Plaintiffs allege an instance of confusion with the name "U Fit" in Arizona (not Florida) and, without authority, try to tack the use of a different mark as that of their own for purposes of establishing actual confusion. One anecdotal claim of confusion is not sufficient to show probability of confusion (*Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 269 F.3d 114, 120 (2nd Cir. 2001)). Further, the allegations of actual confusion in the Complaint are based upon entirely inadmissible hearsay (printout of a third party website recording purporting to record input of an entirely unidentified person whose statements were show to have been made suspiciously close in time to the filing of the Complaint).

Addressing Constitutional concerns, *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851 (2011) recited "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." LLC Defendants have no affiliations with Florida as described above, either continuous or systematic. "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, supra, 131 S.Ct. 2846 at 2851 . (internal citations omitted). Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Specific jurisdiction is limited by Florida's


long arm statute as to specific jurisdiction, shown to be incapable of having LLC Defendants haled into Florida courts.

If the Court finds sufficient minimum contacts per Florida long arm statute, the Court must further determine whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " *lnt'lShoe Co. v. Washington,* 326 U.S. 310, 320 (1945). Relevant factors are (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) Plaintiff's interests in convenient and effective relief; (4) interstate judicial system's interest in efficient resolution of controversies; and (5) furthering state social policies. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985).

The Supreme Court's recent decision in *J. McIntyre Mach., Ltd. v. Nicastro,* 131 S. Ct. 2780 (2011) changes "stream of commerce" personal jurisdiction. Concurring opinions in *J. McIntyre* rejected personal jurisdiction for product manufacturers who sell into the national U.S. market, even knowing that the products will enter the forum state, without other state-specific contacts. Here, LLC Defendants maintenance of a website accessible nationally but accessed locally and with no actual targeting of Florida or communications or sales with its residents there, the *Sculptchair* and *J. McIntyre* decisions eliminate personal jurisdiction of LLC Defendants in this case. Inadvertent transmission of resumes intended for LLC Defendants to Plaintiffs resulted from an entirely unintended copying of template code by a web designer, Advecor, into websites developed for the LLC Defendants (Chopra Dec. at ¶13). No justiciable harm occurred and LLC Defendants did not establish contacts with Florida by the occurrence of mis-addressed resumes. Counts I-IX of the Complaint are similarly deficient as to personal jurisdiction over LLC Defendants, in that each rely upon

trademark, trade name, or trademark dilution causes of action.

As to Counts X, XII and XIII of the Complaint, the Court has accurately discerned that Plaintiffs will fail to establish personal jurisdiction over LLC Defendants (See *PODS Enterprises Inc. v. ABF Freight Systems, Inc.* (MDFla., Case No. 8:11-cv-00084-VMC-MAP, October 17, 2011; 100 USPQ2d 1708) – motion to dismiss for lack of personal jurisdiction granted on showing that primary alleged harm from disclosure of alleged trade secrets occurred outside of Florida). Every allegation of tort in the Complaint unrelated to trademark or unfair competition is stated to have occurred primarily outside of Florida.

In the present case, analysis militates against the exercise of personal jurisdiction against LLC Defendants. Plaintiffs cannot prevail in this case without personal jurisdiction. Thus, any decision on the PI Motion must be stayed until personal jurisdiction is decided the Court in the Motion to Dismiss. Should this Court find a lack of personal jurisdiction but decide in favor of Plaintiffs on the PI Motion, the PI Motion would have been improperly imposed on the LLC Defendants.

### B. Plaintiffs' Trademarks Alleged Are Weak or Invalid, Preventing a Finding of Likelihood of Success as to Trademark Infringement

Plaintiffs allege three federally registered trademarks and a common law trade name, which collectively include the phrases "you fit" or "fit begins with you" or "it's where you fit in". These trademarks exist in a constellation of similar marks for similar services and goods, as shown below (most currently in use):

9



These are marks registered or applied for with the US Patent and Trademark Office, as shown by information available at its website (Declaration of Marla Bracken in Support of Defendants Pleasanton Fitness, LLC, Zeus Fitness, LLC, OM Fitness LLC, And Monterey Fitness, LLC Motion To Dismiss To Plaintiffs' Complaint [FRCP 12(B)(6)] Or, In The Alternative, For A More Definite Statement ("Bracken Dec.") at ¶ 9)). Plaintiffs' marks are weak at best and are invalidly descriptive as dissected components of the generic phrase "Are you fit?" and similar phrases.

29 similar marks for fitness services are advertised at yellowpages.com in Florida[1], among them **Fit For You, Inc., New Fit For You, Dance Yourself Fit, You First Fitness, Fitness To You, Fitness 4 You, Fitness Made For You, Tru Fit Personal Training, Slender Fit U, Fit To You Brevard**, and **R U Fit** (Bracken Dec. at ¶ 5). Other similar marks for fitness services are advertised at www.gymsandfitnessclubs.com in Florida (Bracken Dec. at ¶ 6).

Many similar marks for fitness services are advertised at yellowpages.com in California, among them **Fit For You Pilates, Fit 4 You, Fit 4 You, Walker's Body-You Fitness Std, Fitter You Fitness, Your Fitness Matters Inc, Get U Fit Personal Wellness, Fit 4 U Studio, Fit 4U**, and **Fit** (Bracken Dec. at ¶ 8).

---

[1] Plaintiff has ignored local businesses operating under trade names and marks similar by their own analysis to the alleged Plaintiff trademark "youfit" and thus take actual business from Plaintiffs.

10

The trade name, as used by LLC Defendants, is ![FIT U], which is the subject of an application for federal trademark registration under Serial No. 85626253, filed on May 15, 2012, after careful consideration of the many registered trademarks described above (Chopra Dec. at ¶12). Plaintiffs' marks are impossibly weak or invalid in light of the many similar and identical marks in use in Florida and California.

In trademark infringement evaluation in the 11th Circuit, the first factor to be considered is also one of the two most important ones. The seven factors are (1) type or strength of mark, (2) similarity of mark, (3) similarity of the products the marks represent, (4) similarity of the parties' retail outlets and customers, (5) similarity of advertising media used, (6) defendant's intent and (7) actual confusion. *Dieter v. B & H Industries of Southwest Florida Inc.*, 880 F.2d 322 (11th Cir. 1989). In the *Dieter* case, limited evidence of consumer association with the descriptive mark was not enough secondary meaning to save SHUTTERWORLD from being descriptive.

Plaintiffs say that "youfit" is strong and distinctive when it is just part of the common phrase "Are you fit?". That's probably said regularly in Plaintiffs own gyms. Adding "Health Clubs" with a design in another Plaintiffs' mark doesn't make "youfit" less descriptive – it's an admission that they needed the extra features to get registration. The same is true of the phrases "it's where you fit in" and "fit begins with you". The first phrase is a common extension of the phrase "you'll fit in" and the second replaces "it all" with "fit" in the common phrase "it all begins with you". Plaintiffs' marks are descriptive and are weak. "… we find the extensive third-party use of the word "Sun" impressive evidence that there would be no likelihood of confusion between Sun Banks and Sun Federal." *Sun Banks of Florida*

11

*Inc. v. Sun Federal Savings and Loan Association*, 651 F.2d 311 (5th Cir. 1981). That same weak meaning that allows Sun Banks and Sun Federal to not infringe and to co-exist without likelihood of confusion certainly allows "youfit" and the design ![FIT U] to coexist in the same way – especially if they're used over 2,000 miles apart. That design shown is the one in Defendant Sheena Chopra's application for trademark registration (Serial No. 85/626,253, filed 5/15/2012) and as used by the LLC Defendants.

The words "fit" and "you" are commonly used in everyday language, as in "Does it fit you?" and "How do you fit in?" The extensive, common use of the combinations of works in Plaintiffs' marks makes them very weak at best and invalid and descriptive at worst. The *Sun Banks* case isn't the exception: *Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496, 505 (5th cir. 1979) (wide use of mark "world" results in little likelihood of confusion); *Holiday Inns, Inc. v. Holiday Out in America*, 481 F.2d 445, 448 (5th cir. 1973) (common word "Holiday" is of weak trademark significance); *El Chico, Inc. v. El Chico Cafe*, 214 F.2d 721, 725 (5th cir. 1954) (27 trademark registrations of "El Chico," along with the fact it was the name of a Moorish king of Granada in 1482, and is the name of a Mexican town and a river in the Philippines, make the term a weak trade name deserving limited protection). So how are others using the words "fit" and "you" in the fitness market? The following is just a selection from those registered or approved for registration with the US Patent and Trademark Office:

"Evidence of third-party use of similar marks on similar goods is relevant to show that a mark is relatively weak and entitled to only a narrow scope of protection." *Palm Bay*

*Imports, Inc. v. Veuve clicquot Ponsardin Maison Fondée en 1772*, 396 F.3d 1369, 1373 (Fed. Cir. 2005). Plaintiffs have no likelihood of success in prevailing on infringement with their weak marks that are likely invalid.

The *Dieter* case approves weakening of a mark's strength as applied to a defendant's mark because of geographic distance between a plaintiff and defendant. There's over 2,000 miles between Plaintiffs gyms and those of the LLC Defendants. Plaintiffs are trying to make the beat of a butterfly's wings of their marks in Florida effective in California. That's wrong. No trademark infringement as to LLC Defendants.

Factor (2) relating to similarity of marks is affected by factor (1), in that the effective similarity is de minimus after considering descriptiveness of all similar marks using the word "you" and "fit".

Plaintiffs have no substantial likelihood of success as to trademark infringement, unfair competition, trade name infringement or trademark dilution as to Counts I-IX.

Further, in the Report, the Court stated that:

> "To prove trademark infringement, Plaintiffs must show that: (1) they first adopted and used their mark within a certain area; (2) the mark has "special significance" by either being inherently distinctive or acquiring secondary meaning; (3) Defendants are using a confusingly similar mark to identify services rendered in competition with Plaintiffs in the same trade areas; and (4) customer confusion as to the source of services is likely. See *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1026 (11th Cir. 1989) (citation omitted)."

The Court passed over the critical aspect of "in the same trade areas" in factor 3. The Court in denying the Temporary Restraining Order noted the potential of lack of personal jurisdiction but did not give that factor any weight in its infringement analysis. The Court apparently based its "in the same trade area" upon yelp.com comments, which are

13

inadmissible hearsay not subject to any exception. Plaintiffs' alleged activities in California are entirely insufficient under any authority to create common law trademark rights there. Thus, with Plaintiffs and the LLC Defendants operating 2500 miles away with businesses that depend upon highly local access (within driving distance for gym customers), Plaintiffs and LLC Defendants do not operate "in the same trade area". The marks are not confusingly similar in light of the common use of the component words in the fitness services marketplace, even in Plaintiffs' own Florida. Plaintiffs may have developed "special significance" in Florida (which is doubtful in light of the many similar business names), but it has not extended any "special significance" to the mid portion of California where the LLC Defendants are located. Thus, Plaintiffs will suffer no harm by allowing the LLC Defendants to oppose the PI Motion, as there is no irreparable harm in the first place.

      Reports of actual confusion are admissible where the contact is made directly with someone who has actual knowledge of a customer calling in. There is no such control or likelihood of veracity in a yelp.com posting. The people posting are anonymous and cannot be confirmed by personnel under the control or direction of Plaintiffs. Emails sent directly to a company such as Plaintiffs can be an exemption from the hearsay rule as to actual confusion. But we have no such exception in Plaintiffs' filed documents. The Court improperly gave weight to the alleged instances of confusion, which are de minimus in light of the thousands of customers both of Plaintiffs and the LLC Defendants.

      Plaintiffs' trademarks are not famous in light of their local use only in Florida (there is no allegation they are still operating in Arizona) and in light of their weakness, even if they might be suggestive in some manner. Thus, there is no likelihood of success as to trademark

dilution, no irreparable harm as to trademark dilution, and the absence of harm to Plaintiffs is outweighed by harm to LLC Defendants from having to change expensive signage.

The LLC Defendants further discuss the weakness of Plaintiffs' alleged trademarks in the Motion to Dismiss at V. PLAINTIFFS' ALLEGED TRADE SECRETS ARE NOT TRADE SECRETS (pages 16-24).

### C. Plaintiffs Lack of Justiciable Trade Secrets as to the LLC Defendants

Plaintiffs allege certain contracts in the Complaint between the Zarillos and You Fit Enterprises Inc. (¶165 of the Complaint). These contracts are the alleged basis for the Zarillos' obligations in the Complaint related to trade secrets. Without those contracts, the Complaint fails to allege liability for trade secrets asserted by Plaintiffs. Neither of the two "You Fit" entities are a party to any of those contracts and are not even identified by name. In Count X, You Fit Enterprises Inc. is not alleged to have been harmed by misappropriation of trade secrets. Only "You Fit" is alleged to have been damaged (¶165 of the Complaint). No delivery of information from "You Fit" where they are identified "Affiliates" of You Fit Enterprises, Inc. is alleged to qualify as Confidential Information under the Complaint contracts with the Zarillos. The Zarillos owed no obligation of confidentiality to "You Fit" collectively, only to You Fit Enterprises Inc. Without alleging that critical connection, there can be no enforceable trade secrets as to Counts X, XII, and XIII.

A plaintiff must demonstrate that defendant misappropriated secret information from the plaintiff, of which the plaintiff made reasonable efforts to maintain the secrecy, resulting in damages. *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1140-41

15

(M.D Fla. 2007). Information that is generally known or readily available to third parties does not qualify for trade secret protection under Florida law. *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1995). The Complaint states that the business model and financial statements of "You Fit" was disclosed without any alleged restrictions to Lincolnshire Financial Advisors (¶34 of the Complaint), which makes it not a trade secret after July 2011.

The structure of the Complaint indicates unrestricted and unprotected disclosure of Plaintiffs' alleged trade secrets to Lincolnshire Financial Advisors before the alleged disclosure to the LLC Defendants. Thus, at the time of alleged disclosure to the LLC Defendants, Plaintiffs' alleged trade secrets no longer had trade secret protection. Any alleged use by LLC Defendants after the date of unrestricted and unprotected disclosure by the Zarillos to Lincolnshire Financial Advisors eliminates trade secret protection as to current alleged use of trade secrets by the LLC Defendants.

Further, Plaintiffs' alleged trade secrets include many things that are not secret. "You Fit" alleges "Confidential Information" includes information publicly available by walking into their gyms or applying for a franchise. Because Plaintiffs' alleged trade secrets are likely compiled from or merely includes information that is readily ascertainable to the public and are not the "product of any great expense or effort," it "does not qualify as [a] trade secret…" *Templeton v. Creative Loafing Tampa, Inc.*, 552 So.2d 288, 289 (Fla. 2d DCA 1989); *Mittenzwei v. Industrial Waste Serv., Inc.*, 618 So.2d 328 (Fla. 3d DCA 1993). *Keel v. Quality Medical Systems, Inc.*, 515 So. 2d 337 (Fla. 3d DCA 1987) states that information commonly known in the industry and not unique to allegedly injured party not "confidential"

and thus not entitled to protection. As such, Plaintiffs do not have a substantial likelihood of success as to Counts X, XII and XIII as they relate to alleged trade secrets misappropriation by LLC Defendants. As the LLC Defendants are highly experienced former owners of large (20,000 square feet) Golds Gyms®, the LLC Defendants have not demonstrable need or use for alleged trade secrets of Florida gym companies. Yet further, the lack of specificity in the PI Motion as to just what the alleged trade secrets consist of (and the Chopra Dec. stating that the LLC Defendants never received any information about Plaintiffs from the Zarillos), makes the balance of harms favor the LLC Defendants. The LLC Defendants should be allowed to oppose the PI Motion.

Dated this 13th day of November, 2012.

                                                                       s/ Nancy J. Flint

| David T. Bracken | Nancy J. Flint, Esq., FBN 164623 |
|---|---|
| California Bar No. 165,304 | NANCY J. FLINT, ATTORNEY AT LAW, |
| The Law Offices of David T. Bracken | P.A. |
| 4839 East Bond | 1844 N. Nob Hill Road, #424 |
| Orange, CA 92869 | Plantation, Florida 33322 |
| Phone: (714) 744-4798 | Tel. (954) 812-0660 |
| Fax:   (714) 771-3968 | Fax: (866) 517-9150 |
| | Email: nancy@flintiplaw.com |

Attorneys for Defendants PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, MONTEREY FITNESS, LLC, SANJIV CHOPRA, AND SHEENA CHOPRA

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, I electronically filed the foregoing DEFENDANTS PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, AND MONTEREY FITNESS, LLC OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE ELIZABETH A. JENKINS OF OCTOBER 31, 2012 with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Nancy J. Flint
Nancy J. Flint, Esq., FBN 164623
NANCY J. FLINT, ATTORNEY AT LAW, P.A.
1844 N. Nob Hill Road, #424
Plantation, Florida 33322
Tel. (954) 812-0660
Fax: (866) 517-9150
Email: nancy@flintiplaw.com

Attorney for Defendants PLEASANTON FITNESS, LLC, ZEUS FITNESS, LLC, OM FITNESS LLC, AND MONTEREY FITNESS, LLC

Case No. 8:12-CV-01917-JDW-EAJ

## SERVICE LIST

VIA CM/ECF and EMAIL:

Brad F. Barios, Esq.
Christina K. Ramirez, Esq.
Kenneth George Turkel, Esq.
Bajo Cuva Cohen Turkel, PA
100 N. Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone (813) 443-2199
Facsimile (813) 443-2193
Email: brad.barrios@bajocuva.com; cramirez@bajocuva.com; kturkel@bajocuva.com

ATTORNEYS FOR PLAINTIFFS

Robert M. Yaspan, Esq.
Law Offices of Robert M. Yaspan
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
Telephone (818) 905-7711
Facsimile (818) 501-7711
Email: ryaspan@yaspanlaw.com and
court@yaspanlaw.com

ATTORNEY FOR DEFENDANTS SANJIV
AND SHEENA CHOPRA

Scott Jordan, Esq.
Danville Law Group
319 Diablo Road, Suite 202
Danville, CA 94526
Tel: (925) 362-1725
Fax: (925) 263-1905
Email: sjordan@danvillelawgroup.com

ATTORNEY FOR DEFENDANTS
MICHAEL AND TRACY ZARRILLO