## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**YOU FIT, INC., et al.,**

      **Plaintiffs,**

v.                               **Case No. 8:12-CV-1917-T-27EAJ**

**PLEASANTON FITNESS, LLC, et al.,**

      **Defendants.**

                                     /

## ORDER

      **BEFORE THE COURT** is the Magistrate's Report and Recommendation (Dkt. 60) that

Plaintiffs' Motion for Temporary Restraining Order or, in the Alternative, for Preliminary Injunction

(Dkt. 2) be granted. Upon consideration, the Report and Recommendation (Dkt. 60) is APPROVED

and Plaintiff's Motion (Dkt. 2) is GRANTED *in part*.

## I.    PROCEDURAL BACKGROUND[1]

      Plaintiffs, constituent entities of the health club known as "You Fit," bring this action for

trademark infringement, trademark dilution, unfair competition, and various related state law claims

against Defendants, who own and operate health clubs known as "Fit U." Significantly, Defendants

Michael Zarrillo and Tracy Zarrillo are former franchisees of You Fit. Dkt. 1 ¶ 31. Plaintiffs moved

for a temporary restraining order, or in the alternative, a preliminary injunction.[2] Dkt. 2. The motion

---

    [1]The Court adopts in full the findings of fact by the Magistrate in the Report and Recommendation. Dkt. 60 at
2-3.

    [2]Defendants failed to appear at the hearing or otherwise timely respond to the motion for preliminary injunction.

for a temporary restraining order was denied (*see* Dkt. 7), but the order noted that Plaintiffs had presented a "persuasive showing that certain of the named Defendants have committed and are committing Lanham Act violations." *Id.* After supplemental briefing on the issue of personal jurisdiction, the Magistrate Judge recommended that the motion for preliminary injunction be granted with a $50,000 bond requirement. Dkt. 60 at 8. Defendants Pleasanton Fitness, LLC, Zeus Fitness, LLC, OM Fitness LLC, and Monterey Fitness, LLC (the "LLC Defendants") timely objected to the Report and Recommendation (Dkt. 65) and Plaintiffs responded (Dkt. 67). In the interim, the LLC Defendants' motion to dismiss for lack of personal jurisdiction was denied.[3] Dkt. 68.

The LLC Defendants pose three objections to the Report and Recommendation: (1) Plaintiffs' marks are merely descriptive and weak or invalid, and there is no likelihood of confusion between Plaintiffs' marks and Defendants'; (2) the Magistrate Judge failed to consider whether Plaintiffs have shown that the LLC Defendants are using a confusingly similar mark "in the same trade areas"; and (3) Plaintiffs' claim of misappropriation of trade secrets fails because Plaintiffs have not identified "justiciable trade secrets."

## II.   STANDARD

To obtain a preliminary injunction, the moving party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest." *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011) (citing *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 968 (11th

---

[3]Because Florida's long-arm statute permits the exercise of personal jurisdiction, the LLC Defendants' argument that a preliminary injunction should not be entered because the LLC Defendants are not subject to personal jurisdiction is rejected. *See* Dkt. 65 at 2-9.

Cir. 2005)). A preliminary injunction is an "extraordinary and drastic remedy" and is "not to be granted unless the movant clearly established the burden of persuasion as to the four prerequisites." *U.S. v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)).

## III. DISCUSSION

### A. **Likelihood of Confusion.**

Plaintiffs must demonstrate a likelihood of confusion to prevail on their trademark infringement, trademark dilution, and unfair competition claims. *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012) (quoting *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010)) (trademark infringement); *Alaven Consumer Healthcare, Inc. v. DrFloras, LLC*, 399 Fed. Appx. 545, 547 (11th Cir. 2010) (trademark dilution); *Tana*, 611 F.3d at 773 (unfair competition). To determine whether the marks are likely to be confused, seven factors are considered: "(1) the type of mark, (2) the similarity of the marks at issue, (3) the similarity of the services the marks represent, (4) the similarity of the parties' service outlets and customers, (5) the nature and similarity of the parties' advertising media, (6) the defendant's intent, and (7) any actual confusion." *Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of St. John of Jerusalem, Knights of Malta, Ecumenical Order*, ___ F. 3d ___, 2012 WL 6582565, at *9 (11th Cir. Dec. 18, 2012).[4] Other factors, such as geographic concerns, may also be considered. *Tana*, 611 F.3d at 780.[5]

"The extent to which two marks are confusingly similar cannot be assessed without considering all seven factors to ensure that the determination is made in light of the totality of the

---

[4] Citing *Frehling Enters. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999); *Coach House Rest., Inc. v. Coach & Six Rests., Inc.*, 934 F.2d 1551, 1561 (11th Cir. 1991).

[5] Citing *Swatch Watch, S.A. v. Taxor, Inc.*, 785 F.2d 956, 958 (11th Cir. 1986); *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1209 (11th Cir. 2009); *Alliance Metals, Inc. of Atlanta v. Hinely Indus., Inc.*, 222 F.3d 895, 908 (11th Cir. 2000).

circumstances." *Sovereign Military Hospitaller*, 2012 WL 6582565, at *9 (quoting *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987)). When balancing the factors, "[t]he issue of likelihood of confusion is not determined by merely analyzing whether a majority of the subsidiary factors indicates that such a likelihood exists." *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1538 (11th Cir. 1986). "Rather, a court must evaluate the weight to be accorded the individual factors and then make its ultimate decision. The appropriate weight to be given to each of these factors varies with the circumstances of the case." *Id.* Of the seven factors, the type of mark and the evidence of actual confusion are the two most important. *Suntree*, 693 F.3d at 1346.[6]

## 1.    *The Type and Strength of the Marks.*

### a.    Categorization of the Marks.

"There are four recognized types of mark, ranging from weakest to strongest: generic, descriptive, suggestive and arbitrary. The stronger the mark, the greater the scope of protection accorded it." *Caliber Auto. Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 938 (11th Cir. 2010) (quoting *Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1240 (11th Cir. 2008)). "An arbitrary or fanciful mark bears no logical relationship to the product or service it is used to represent (*e.g.*, Kodak). A suggestive mark refers to some characteristic of the goods, but requires a leap of the imagination to get from the mark to the product (*e.g.*, Penguin Refrigerators). A descriptive mark identifies a characteristic or quality of the service or product (*e.g.* Vision Center)." *Id.* (quoting *Welding Servs. v. Forman*, 509 F.3d 1351, 1357-58 (11th Cir. 2007)).

Three of Plaintiffs' marks are at issue in this case: "YOUFIT," "It's Where YOU FIT In,"

---

[6]Actual confusion is probably the most important factor, with the type of mark a close second. *See Caliber Automotive Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 936 n.19 (11th Cir. 2010). Where there is evidence of actual consumer confusion, it is the "best evidence of likelihood of confusion." *Id*; *see id.* ("This circuit's caselaw makes plain that the consumers of the relevant product or service, especially the mark holder's customers, turn the key. All potential consumers of the relevant product or service, including middlemen, can inform the inquiry, and the ultimate consumers deserve special attention.").

and "Fit begins with You." The LLC Defendants contend that these marks are descriptive and weak. Plaintiffs allege that the marks are "arbitrary and fanciful," and argue that "YOU FIT" is "at the very least, a suggestive service mark." Plaintiffs' marks are not arbitrary because the words "YOU" and "FIT" bear a logical relationship to the health club services provided by Plaintiff. On the spectrum of marks, they are somewhere between descriptive and suggestive.

"The line between descriptive and suggestive marks can be difficult to draw." *Nautilus Group, Inc. v. ICON Health & Fitness, Inc.*, 372 F.3d 1330, 1340 (Fed. Cir. 2004). "A suggestive mark is one for which 'a consumer must use imagination or any type of multistage reasoning to understand the mark's significance . . .[,] the mark does not *describe* the product's features, but *suggests* them." *Id.* (quoting *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1142 (9th Cir. 2002)). A descriptive mark, on the other hand, "tend[s] to consist of common words that might be the only way to describe a category of goods." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 886, 872 (9th Cir. 2002). In distinguishing between descriptive and suggestive marks, one must consider "the imaginativeness involved in the suggestion, that is, how immediate and direct is the thought process from the mark to the particular product. If the mental leap between the word and the product's attribute is not almost instantaneous, this strongly indicates suggestiveness, not direct descriptiveness." *Self-Realization Fellowship Church v. Anada Church of Self-Realization*, 59 F.3d 902, 911 (9th Cir. 1995); *see Nautilus Group*, 372 F.3d at 1340 (adopting Ninth Circuit's approach); *see also Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1271 n.6 (11th Cir. 2012) ("A suggestive mark refers to some characteristic of the goods, but requires a leap of the imagination to get from the mark to the product.").

For example, the mark "Universal Night Sight/UNS" is not a suggestive mark because "a customer in the relevant community can readily perceive the nature of the product, that is *night sight,*

*or the ability to see at night*, without having to use his or her imagination." *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 654 F.3d 1179, 1188-89 (11th Cir. 2011). On the other hand, the mark "OGGETTI" is suggestive because the mark was adopted to create a "connotation." *Frehling Enters.*, 192 F.3d at 1336. The mark "Laser Specialist" is suggestive because it "does not immediately convey the nature of the services offered and requires a leap of the imagination to deduce" that a "laser specialist" is an oculoplastic surgeon. *St. Luke's*, 573 F.3d at 1208.

They key question in distinguishing between suggestive and descriptive marks is whether a consumer is required to use imagination to leap from the mark (*e.g.*, "YOUFIT") to the services provided (a health club). In this case, a consumer would not automatically associate the marks "YOUFIT," "It's Where YOU FIT In," and "Fit begins with You" with a health club. Due to the multiple meanings of the word "fit,"[7] an imaginative leap is required to associate Plaintiffs' marks with a health club. Therefore, Plaintiffs are likely to be able to prove their marks are suggestive and accorded a heightened level of protection.[8] *See Knights Armament*, 654 F.3d at 1188 (suggestive marks are accorded a heightened level of protection, while descriptive marks attain protection only where the mark has developed a "secondary meaning").

b.   Commonality of the Marks.

Another important factor in determining the strength of Plaintiffs' marks is "the degree to which third parties make use of the mark." *Frehling Enters.*, 92 F.3d at 1336. "The less that third parties use the mark, the stronger it is, and the more protection it deserves." *Id.* When a mark contains very common formative components, "[t]he likelihood of prospective use by competitors

---

[7]Merriam Webster accords the word "fit" six definitions as a noun, three as an adjective, and nine as a verb. *See* http://www.merriam-webster.com/dictionary/fit (last viewed Jan. 22, 2013).

[8]Categorization of marks is a question of fact, not of law. *See Aloe Creme Labs., Inc. v. Milsan, Inc.*, 423 F.2d 845, 849 (5th Cir. 1970). The ultimate decision on whether Plaintiffs' marks are arbitrary, suggestive, descriptive, or generic is reserved for the finder of fact.

6

is high," resulting in narrower protection of the mark. *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1523 (11th Cir. 1991). However, "[t]he fact that a word is common does not necessarily make it weak or unworthy of protection as a trademark." *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 478 (3d Cir. 1994). "The significant factor is not whether the word itself is common, but whether the way the word is used in a particular context is unique enough to warrant trademark protection." *Wynn Oil Co. v. Thomas*, 839 F.2d 1183, 1190 n.4 (6th Cir. 1988).

The LLC Defendants contend that Plaintiffs' marks are weak because they use common, unremarkable words utilized by others in the fitness industry. In support of this argument, the LLC Defendants submit a constellation of marks using the words "YOU" and "FIT," eleven similar trade names for services available in Florida, and ten trade names for services available in California.

Marks are considered weak when they use common words as formative components. *See, e.g., Sun Banks of Fla. v. Sun Fed. & Loan Ass'n*, 651 F.2d 311 (5th Cir. July 20, 1981)[9] (finding the mark "Sun Bank" arbitratry, but according it no trademark protection because "the extensive third-party use of the word 'Sun' [is] impressive evidence that there would be no likelihood of confusion.").[10] Moreover, marks are considered weak when their formative components are used frequently in a particular market. *See Continental Grain Co. v. Central Soya Co., Inc.*, 69 F.3d 555,

---

[9]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[10]*See also Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252 (5th Cir. 1980) (reversing district court's finding of likelihood of confusion for failing to properly weigh the impact of third-party uses of the word "Domino"); *Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496, 505 (5th Cir. 1979) (wide use of the word "World" in marks results in little likelihood of confusion); *Holiday Inns, Inc. v. Holiday Out in America*, 481 F.2d 445, 448 (5th Cir. 1973) (common word "Holiday" is of weak trademark significance); *Michael Caruso & Co. v. Estefan Enter., Inc.* 994 F. Supp. 1454, 1459 (S.D. Fla. 1998), *aff'd* 166 F.3d 353 (11th Cir. 1998) (defendant's evidence of extensive third-party use of the term "bongo" renders it unlikely that the mark will have strong trademark significance); *El Chico, Inc. v. El Chico Café*, 214 F.2d 721, 725 (5th Cir. 1954) (the mark "El Chico" is weak in part due to twenty-seven trademark registrations using the term).

1995 WL 649500, at *2 (Fed. Cir. Nov. 6, 1995) ("Where the common element of conflicting marks is "weak" in the sense that such portion is . . . in common use by many sellers in the market, then this reduces the likelihood of confusion.").[11]

Plaintiffs' marks use formative words that are both generally common[12] and common in the fitness market. This militates in favor of finding that Plaintiffs' marks are weak even though they are suggestive.

### 2.    *Actual Confusion.*

The second of the two most important factors in determining likelihood of confusion is any actual confusion. Internet postings on the website www.yelp.com demonstrate that at least one consumer is actually confused about the differences between You Fit gyms and Fit U gyms. One post calls Fit U "VERY similar" to You Fit (Dkt. 1-8 at 9), and another expounds at length on his confusion as to whether Fit U is the same as You Fit:

> I am soo confused. I was a member at Youfit in [Arizona] and when I moved back to [California] I saw this place by my house and thought great my gym is here! When I went into the gym, I realized it was called Fit U. They use the same basic color scheme on their sign and the motto seemed the same. When I asked the girl at the desk, . . . [she] said her owner created this brand. I said what are you [*sic*] rates? Seemed very similar to me as when I was a member at Youfit. Very confusing and a big let down.

---

[11] *See, e.g., Mango's Tropical Café, Inc. v. Mango Martini Rest. & Lounge, Inc.*, 844 F. Supp. 2d 1246, 1254 (S.D. Fla. 2011) ("But even if we found Plaintiff's mark to be arbitrary, its strength is considerably weakened by extensive third-party use of the word "Mango" or a variation thereof in connection with restaurant and bar services."); *Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 598 F. Supp. 2d 1248, 1261 (M.D. Fla. 2009) (evidence of eighteen publications using "Homes" in their titles renders the magazine title "Homes & Land" a weak mark); *Carnival Corp. v. SeaEscape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1266 (S.D. Fla. 1999) (evidence of numerous third-party registrations for marks using the word "fun" in the travel and entertainment industries weakens the strength of the mark "Fun Ship"); *Gulf Coast Commercial Corp. v. Gordon River Hotel Assocs.*, No. 2:05-cv-564-FtM-33SPC, 2006 WL 1382072, at *7 (M.D. Fla. May 18, 2006) ("The Court concludes that the Inn on Fifth mark, which contains very common formative components that have been used widely by third parties, is relatively weak in its descriptiveness.").

[12] This conclusion is based on evidence supplied by the LLC Defendants. However, a cursory search of the United States Patent and Trademark Office database for live trademarks reveals 4,342 trademarks with the formative component "fit."

Dkt. 1-8 at 9. While these anonymous posts are not conclusive evidence of actual confusion, they are indicative of potential consumer confusion. This factor therefore weighs in favor of a finding of likelihood of confusion.

The LLC Defendants argue that the Magistrate Judge improperly gave weight to the posts on yelp.com as indications of confusion because, as hearsay, the comments may not be considered. To the contrary, "affidavits and hearsay materials which would not be admissible evidence for a permanent injunction" may be considered if the evidence is 'appropriate given the character and objectives of the injunctive proceeding.'" *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (quoting *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)). The evidence submitted by Plaintiffs is "appropriate given the character and objectives of the injunctive proceeding." *Id.*[13]

### 3.    *Similarity of the Marks.*

"YOUFIT" and "Fit U" are plainly very similar marks. Fit U is a transposition of the syllables of You Fit with the alteration of "You" to "U." Even though Fit U's trade name[14] – the word "FIT" with an elongated capital "U" underneath it – diminishes similarity because its appearance differs from You Fit's marks, a holistic examination of the marks reveals that they are very similar. *See N.Y. State Elec. & Gas Corp. v. U.S. Gas & Elec., Inc.*, 697 F. Supp. 2d 415, 432-33 (W.D.N.Y. 2010) (finding the names "New York State Electric & Gas" and "New York Gas & Electric" to be

---

[13]Additionally, the comments are not hearsay because they are not being used to prove the truth of the matter asserted in the comment. *See* Fed. R. Evid. 801(c)(2). Rather, Plaintiffs invoke the comments to demonstrate the consumer's confusion, a then-existing mental state of the declarant who posted the comments *See* Fed. R. Evid. 803(3). *See Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723, 738 (6th Cir. 2012) (addressing the weight of phone calls as evidence of actual confusion and disapproving the district court's finding that the evidence is hearsay because "the phone calls were not relied on to show the content of the conversations, but rather were introduced merely to show that the conversations occurred and the state of mind of the declarants").

[14]Fit U's trade name can be found on the first line of page 11 in the LLC Defendants' Objections. *See* Dkt. 65 at 11.

confusingly similar because the only differences between them are the omission of the word "state" and the transposition of the words); *see also Shields v. Zuccarini*, 254 F.3d 476, 483 (3d Cir. 2001) (finding that plaintiff's and defendant's internet domain names were confusingly similar, where defendant's domain names "closely resemble[d]" plaintiff's, and differed only because they contained "a few additional or deleted letters, or . . . rearrang[ed] the order of the words"). The fact that the marks are utilized in the same market further supports a finding of similarity. *See The Sports Authority, Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 962 (2d Cir. 1996) (In deciding similarity, the court must "not look just at the typewritten and aural similarity of the marks, but how they are presented in the marketplace."). This factor weighs in favor of a likelihood of confusion.

### 4.   *Similarity of the Services, Service Outlets, and Customers.*

The parties' services, service outlets, and customers are also similar. *See* Dkts. 1-1, 1-7. *Cf. Coach House*, 934 F.2d at 1562 ("It would seem that the similar menu and ambience utilized in both restaurants would attract the same customers."). Both businesses operate gyms or health clubs and are designed to attract customers who are young, independent, and cost-conscious. A text message from Defendant Michael Zarillo confirms that the service outlets are designed to be similar and to attract similar customers because Fit U is "another ten dollar club" like You Fit. Dkt. 4-1 at 1. This factor weighs in favor of a likelihood of confusion.

### 5.   *Similarity of the Parties' Advertising Media.*

The similarity of the parties' advertising media is difficult to evaluate on the current record. The parties' websites reflect a slight similarity of advertising (*compare* Dkt. 1-1, *with* Dkt. 1-7), but the record contains no other evidence of similar advertising. This factor, therefore, is neutral.

### 6.   *Defendants' Intent.*

Text messages from Michael Zarillo suggest the possibility of an intent to copy or utilize

Plaintiffs' marks. *See* Dkt. 4-1 at 1; *Bauer Lamp Co. v. Shaffer*, 941 F.2d 1165, 1172 (11th Cir. 1991) (per curiam) ("Intent to copy in itself creates a rebuttable presumption of likelihood of confusion."). However, the declaration of Tim Simon (Dkt. 64-6) avers that the mark "Fit U" was not conceived with the intent to copy "Fit You," but rather as a contraction of the California trade name "Fitness Unlimited." *Id.* ¶ 5. Given the conflicting evidence, this factor is neutral.

### 7.   *Conclusion*

Examination of the seven factors "entails more than the mechanistic summation of the number of factors on each side; it involves an evaluation of the 'overall balance.'" *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 649 (11th Cir. 2007). In deciding whether a likelihood of confusion exists, the unique facts of each case must be considered. *Id.* at 650. "The ultimate question remains whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way." *Id.*

Four of the seven factors weigh in favor of a likelihood of confusion, including the most important factor: any actual confusion. Two factors are neutral, and the second most important factor, the strength of the mark, weighs against a likelihood of confusion. While Plaintiffs are likely to succeed in demonstrating that its marks are suggestive, the use of common formative words utilized frequently in Plaintiffs' marketplace significantly weakens the marks and diminishes the scope of their protection. Indeed, the Eleventh Circuit has restricted the protection afforded to marks with common formative components, even if those marks are arbitrary. *See Sun Banks*, 651 F.2d 311. Nevertheless, Defendants marks are very similar, used to attract the same cadre of consumers, and have actually confused at least one consumer. Even the websites are slightly similar in scheme and color, and Plaintiffs have presented evidence that Defendants copied Plaintiffs' website to create their own. *See* Dkt. 3-1 ¶ 10.

Although marks using common words are not afforded broad trademark protection, they are still protected from infringement. Balancing the factors, the indications of actual confusion and the close similarity of the marks and services create a likelihood of confusion. Preliminary injunctions are "an extraordinary and drastic remedy" not to be granted "unless the movant clearly established the burden of persuasion." *Jefferson Cnty.*, 720 F.2d at 1519. Notwithstanding, I agree with the magistrate judge that Plaintiffs have "clearly established the burden of persuasion" required to demonstrate a likelihood of confusion. Given a finding of likelihood of confusion, Plaintiffs are likely to succeed on the merits of their trademark infringement, trademark dilution, and unfair competition claims.

**B.     Zone of Natural Expansion**

The LLC Defendants contend that the Magistrate Judge failed to consider whether Plaintiffs have shown that the LLC Defendants are using a confusingly similar mark "in the same trade area." Dkt. 65 at 13-14. To the contrary, the Magistrate Judge found that Plaintiffs' ten locations in Arizona establish California as a "zone of natural expansion," which a trademark holder is entitled to protect. *See* Dkt. 60 at 4; *Tally-Ho, Inc. v. Coast Comm. Coll. Dist.*, 889 F.2d 1018, 1028 (11th Cir. 1989). To the extent the LLC Defendants are objecting solely on the basis of the Magistrate Judge's failure to consider this element, that objection is overruled.

In any event, the LLC Defendants cannot invoke "zone of natural expansion" or trade area concerns because Plaintiffs have registered their marks and are therefore entitled to an exclusive right to use the mark. *See* 15 U.S.C. § 1057(c); *Tana*, 611 F.3d at 780 ("The owner of a registered mark, in contrast, enjoys the unlimited right to use the mark nationwide, and federal registration affords the registrant priority over all future users of confusingly similar marks."). The "zone of natural expansion" is a common law doctrine that "provides the senior user [of a mark] with some

12

limited 'breathing space' in which to expand beyond its current actual use." *Tally-Ho*, 889 F.2d at 1028. *See also Junior Food Stores of W. Fla., Inc. v. Junior Food Stores, Inc.*, 226 So. 2d 393, 396 (Fla. 1969) ("Under the common law, the universal rule governing tradename protection is that protection will be extended to the first appropriator of a name, within the territorial scope of its business, against subsequent use of the same or similar name by another."). Plaintiffs are not pursuing common law remedies in this case, and the zone of natural expansion is not determinative.[15]

## CONCLUSION

Plaintiffs are likely to succeed on the merits of their Lanham Act claims. Plaintiffs are therefore entitled to a presumption of irreparable harm, and the LLC Defendants have not submitted any evidence to rebut that presumption. *See N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1227 (11th Cir. 2008). The threatened injury to Plaintiffs outweighs the damages the proposed preliminary injunction may cause Defendants, and if issued, the preliminary injunction is not adverse to the public interest. *See Ferrellgas Partners, L.P. v. Barrow*, 143 Fed. Appx. 180, 191 (11th Cir. 2005).[16]

Accordingly,

1) The Defendants Pleasanton Fitness, LLC, Zeus Fitness, LLC, OM Fitness LLC, and Monterey Fitness, LLC Objections to the Report and Recommendation of U.S. Magistrate Judge

---

[15]The Lanham Act does codify a limited geographic defense similar to the zone of natural expansion. Section 33(b), codified at 15 U.S.C. § 1115(b)(5), provides a "limited area" exception to the general premise of incontestability of registered marks in continuous use for five years. To be able to invoke this exception, however, "the junior user must have used the mark continuously in that location and initially in good faith without notice of an infringing mark." *Thrifty Rent-A-Car Sys., Inc. v. Thrift Cars, Inc.*, 831 F.2d 1177, 1181 (1st Cir. 1987). The exception does not apply in this case because Plaintiffs do not contend that their marks are incontestable, and Defendants necessarily had notice of Plaintiffs' marks through Michael Zarrillo, who operated You Fit franchises in Arizona. *See also Foxtrap, Inc. v. Foxtrap, Inc.*, 671 F.2d 636, 640 (D.C. Cir. 1982) (to sustain a "limited area" defense, the defendant must demonstrate, *inter alia*, that it adopted its mark before the plaintiff's registration and without knowledge of the plaintiff's prior use of the mark).

[16]Because Plaintiffs are entitled to a preliminary injunction on their trademark infringement, trademark dilution, and unfair competition claims brought under the Lanham Act, their remaining claims need not be addressed.

Elizabeth A. Jenkins of October 31, 2012 (Dkt. 65) are OVERRULED.

2) The Report and Recommendation (Dkt. 60) is APPROVED.

3) Plaintiffs' Motion for Temporary Restraining Order or, in the Alternative, for Preliminary Injunction (Dkt. 2) is GRANTED.

4) Defendants, and all others bound by Federal Rule of Civil Procedure 65(d)(2), are ENJOINED and PROHIBITED from using the mark "Fit U" or otherwise using "Fit U" in any manner in the offer, sale, or advertising of any goods or services.

5) Plaintiffs shall POST security of $50,000.00 as a condition of this injunction within **twenty (20) days** of the date of this order.

**DONE AND ORDERED** this ___8th___ day of February, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

14