UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOU FIT, INC., et al.,

    Plaintiffs,

v.                                        Case No. 8:12-cv-1917-JDW-EAJ

PLEASANTON FITNESS, LLC, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants Sanjiv Chopra and Sheena Chopra's Motion to Set Aside Default and for Leave to Enlarge Time to Respond to Complaint with Respect Only to Prohibitory Injunctive Relief (Dkt. 78), to which Plaintiffs have filed a response (Dkt. 86). Upon consideration, the motion (Dkt. 78) is GRANTED. As a result, Plaintiffs' Motion for Final Judgment for Permanent Injunctive Relief After Entry of Default Against Defendants Sanjiv Chopra and Sheena Chopra (Dkt. 74) is DENIED as moot.

### INTRODUCTION

Plaintiffs initiated this lawsuit on August 23, 2012, and Defendants Sanjiv and Sheena Chopra were served on September 8 (Dkts. 13, 14). Rather than participating in the lawsuit, the Chopras filed a notice purporting to remove the claims against them to the United States Bankruptcy Court for the Eastern District of California, where they had previously filed for Chapter 11 bankruptcy (Dkt. 19; *see* Dkt. 44). The notice of removal was stricken as contrary to the

"overwhelming weight of authority" (Dkt. 44 at 1).[1] The Chopras then argued that their bankruptcy petition automatically stayed this matter under 11 U.S.C. § 362(a). This theory was also rejected (Dkt. 53). When the Chopras failed to file an answer or responsive pleading, Plaintiffs moved for, and obtained, a Rule 55(a) Clerk's default on November 5, 2012. Still, the Chopras did not respond to the complaint. Later, to ensure that they could proceed against the Chopras in this matter, Plaintiffs filed a motion with the Bankruptcy Court to modify the automatic stay. On January 24, 2013, the Bankruptcy Court determined that the automatic stay did not apply to this matter, and the Bankruptcy Court modified the stay to allow Plaintiffs to prosecute this action (Dkt. 80-2).

Despite court orders indicating that they were obligated to participate in this matter, the Chopras have not answered the complaint or filed a responsive pleading. The Chopras finally took action in late February by moving to set aside the Clerk's default nearly four months after it had been entered (Dkt. 78). They argue that the default should be set aside because they had a right to appeal the order modifying the automatic stay, and because of their meritorious defenses. Plaintiffs oppose the motion by arguing that the Chopras have displayed an intentional disregard for the judicial proceedings in this matter and willfully defaulted.

### STANDARD

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a mutable standard that varies on a case by case basis. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard is liberal, but "not so elastic as to be devoid of substance." *Id.* (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). In evaluating good cause, courts consider multiple factors,

---

[1] The Bankruptcy Court agreed. *See* Dkt. 80-2 at 6 n.2 ("This court concurs in the decision of the District Court that an action cannot be removed from the District Court to a bankruptcy court pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027. This contention by the [Chopras] is without merit.").

including (1) whether the default was culpable or willful, (2) whether setting it aside would prejudice the adversary, (3) whether the defaulting party presents a meritorious defense, (4) whether the public interest is implicated, (5) whether there was significant financial loss to the defaulting party, and (6) whether the defaulting party acted promptly to correct the default. *Id.* These factors, however, are not "talismanic," and the Eleventh Circuit frequently reiterates that they should be regarded simply "as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (quoting *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951-52 (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986)).

## DISCUSSION

The Chopras' main argument is that they were entitled to wait for a ruling from the Bankruptcy Court before participating in this case, and that further delay after the Bankruptcy Court modified the automatic stay was permitted to allow the Chopras to consider an appeal of the Bankruptcy Court's decision.[2] In support of their position, the Chopras submit the declaration of their bankruptcy attorney, Robert Yaspan, in which he declares that "[a]ny delay in filing a response to the complaint in this case is the result of careful consideration of appeal from the order [modifying the automatic stay]." (Dkt. 78-1 ¶ 3). Plaintiffs argue that this is an unreasonable position for the Chopras to take and it requires them to cling to a notion that had been refuted twice: that they were entitled to "remove" this case to the Bankruptcy Court.

Despite Plaintiffs' contention that the Chopras behaved unreasonably, the evidence is

---

[2]Or, as Plaintiffs put it, "the crux of the Chopra Defendants' argument is that they were waiting for the Bankruptcy Court to rule on You Fit's motion for Relief from Automatic Stay and Motion/Application to Confirm Termination or Absence of Stay." (Dkt. 86 at 3).

insufficient to conclude that the Chopras' delay constitutes "an intentional or reckless disregard for the judicial proceedings." *Compania Interamericana*, 88 F.3d at 951. Yaspan's affidavit demonstrates that the Chopras are not ignoring this matter and now wish to participate. Moreover, the Chopras have not directly disobeyed any court orders. Coupling this evidence with the Eleventh Circuit's strong policy in favor of deciding cases on the merits, *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), the Chopras have not intentionally disregarded these judicial proceedings, and the inquiry must proceed to the six *Compania Interamericana* factors.

Weighing all six factors and the evidence submitted in support of the motion, there is good cause for setting aside the default. Although the Chopras are culpable for the delay resulting in the Clerk's default and failed to act promptly to remedy the default, setting aside the default would not prejudice Plaintiffs or any other party involved in the litigation. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."); *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties."). And, notwithstanding the delay, the Chopras now desire to participate in the litigation. *See Saperstein v. Palestinian Auth.*, No. 04-20225-CIV, 2008 WL 4467535, at *8 (S.D. Fla. Sep. 29, 2008) (setting aside a default judgment because, among other reasons, defendants expressed their willingness to actively participate in the litigation). These circumstances, along with the Eleventh Circuit's policy favoring a decision on the merits and disfavoring defaults, warrant setting aside the Clerk's default against the Chopras. *See In re Worldwide Web*, 328 F.3d at 1295; *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Accordingly,

1) Defendants Sanjiv Chopra and Sheena Chopra's Motion to Set Aside Default and for Leave to Enlarge Time to Respond to Complaint with Respect Only to Prohibitory Injunctive Relief (Dkt. 78) is GRANTED. The Clerk's default against Sanjiv Chopra and Sheena Chopra (Dkt. 63) is SET ASIDE.

2) Defendants Sanjiv Chopra and Sheena Chopra shall file an answer or responsive pleading by **May 1, 2013.**

3) Plaintiffs' Motion for Final Judgment for Permanent Injunctive Relief After Entry of Default Against Defendants Sanjiv Chopra and Sheena Chopra (Dkt. 74) is DENIED as moot.

**DONE AND ORDERED** this 17th day of April, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record