UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YOU FIT, Inc., et al.,**

    **Plaintiffs,**

v.                                                    Case No.: 8:12-CV-1917-T-27EAJ

**PLEASANTON FITNESS, LLC, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court are Plaintiffs You Fit, Inc., et al.'s ("Plaintiffs'") **Motion For Sanctions and Attorneys' Fees and Incorporated Memorandum of Law** (Dkt. 75), Defendants Sanjiv Chopra and Sheena Chopra's (collectively, "Chopra Defendants'") **Memorandum in Opposition To Plaintiffs' Motion For Sanctions and Attorneys' Fees** (Dkt. 80), and **Plaintiffs' Reply to Chopra Defendants' Opposition to Plaintiffs' Motion for Sanctions and Attorneys' Fees** (Dkt. 87).[1] As explained below, it is recommended that the motion be denied.

## Background

Plaintiffs operate a chain of gyms in Florida, Georgia, and Arizona under the registered trademark "YouFit." In this lawsuit filed in August 2012, Plaintiffs allege that Chopra Defendants and others opened "Fit U" gyms in California that constitute trademark infringement, unfair competition, trademark dilution, misappropriation of trade secrets, and other violations. (Dkt. 1)

Instead of responding to the complaint, Chopra Defendants initially attempted to establish that the action was controlled by their already pending Chapter 11 bankruptcy proceeding in the

---

[1] The motion was referred to the undersigned for a report and recommendation. (Dkt. 79)

United States Bankruptcy Court for the Eastern District of California – Modesto Division. Their attempts were unsuccessful. Chopra Defendants filed a notice purporting to remove the case to bankruptcy court (Dkt. 19), but the Court struck the notice as contrary to the "overwhelming weight of authority" (Dkt. 44 at 1). Chopra Defendants then maintained that this case was subject to an automatic stay while their bankruptcy case proceeded (Dkt. 24), and the Court found that the stay clearly did not apply (Dkt. 53 at 1).

While these issues were being litigated in the Middle District of Florida, Chopra Defendants filed two adversary proceedings[2] and a Motion for Contempt against Plaintiffs in the United States Bankruptcy Court for the Eastern District of California – Modesto Division ("Bankruptcy Court"). (Dkt. 75 at 1-2, Dkt. 87 Ex. 1)

Based on the Court's finding that removal was improper, Plaintiffs seek attorneys' fees and costs arising from the notice of removal and the litigation in Bankruptcy Court. Plaintiffs claim they are entitled to the award under 28 U.S.C. § 1447(c) ("section 1447") and 28 U.S.C. § 1927 ("section 1927").

## Analysis

**A.** Section 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c).[3] An award of attorneys' fees under section 1447 "is within the Court's sole discretion."

---

[2] Plaintiffs identify the adversary proceedings as Adversary Proceeding Number 12-09029 and Adversary Proceeding Number 12-09035. (Dkt. 75 at 1 n.1, 2)

[3] In full, section 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of

Diebel v. S.B. Trucking Co., 262 F. Supp. 2d 1319, 1333 (M.D. Fla. 2003) (citations omitted). In making the determination, a court considers the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. (citation omitted).

Plaintiffs acknowledge that section 1447(c) contemplates an award of attorneys' fees upon an order remanding the case, and here, there was no remand because the Court struck the notice of removal as improper. However, Plaintiffs argue that an award of fees is still appropriate under section 1447(c) because: (1) its purpose is to discourage improper removals; (2) it applies to removals sought under the bankruptcy removal statute, 28 U.S.C. § 1452(a); and (3) it would be illogical for Plaintiffs to have requested remand from the Bankruptcy Court when it has been Plaintiffs' position that the Bankruptcy Court does not have jurisdiction over this matter.

In responding, Chopra Defendants note that Plaintiffs asked for attorneys' fees in their motion to strike, but the Court did not address that request. They contend it is improper for Plaintiffs to seek fees again. Objecting more fully to the motion for sanctions, Chopra Defendants submit that the automatic stay in the Bankruptcy Court precludes Plaintiffs' request, and even if it

---

> removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

did not, the Barton doctrine requires Plaintiffs to obtain approval from the Bankruptcy Court before filing a motion for sanctions.[4]

Arguably, Chopra Defendants' basis for removing this case from the Middle District of Florida to a bankruptcy court in another jurisdiction was tenuous. Yet regardless of the ultimate futility of the strategy, the unambiguous language of section 1447(c) provides for sanctions only where there has been an improper removal leading to a remand. The Court cannot rewrite the statute to accommodate Plaintiffs' interpretation. See Albritton v. Cagle's, Inc., 508 F.3d 1012, 1017 (11th Cir. 2007) (citations omitted). Plaintiffs fail to cite any case in which a court granted attorneys' fees under section 1447 after striking a notice of removal. The Court is unaware of any authority supporting Plaintiffs' position.

**B.** Plaintiffs also seek sanctions under section 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.[5]

Section 1927 is not a "catch-all" provision to punish counsel for any objectionable conduct. Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). To justify sanctions under

---

[4] Chopra Defendants' also assert that Plaintiff's motion for sanctions fails to give the required notice because it does not state a specific amount of fees requested, but this argument is without merit. If an award is granted, a court may direct the parties to confer regarding an amount and order additional briefing.

[5] In their motion, Plaintiffs ask for sanctions against Chopra Defendants and their counsel. (Dkt. 75 at 3) However, section 1927 authorizes sanctions only against attorneys – not their clients. Barash v. Kates, 585 F. Supp. 2d 1347, 1363 (S.D. Fla. 2006) (citations omitted).

section 1927, the court must find that: (1) the attorney engaged in "unreasonable and vexatious" conduct; (2) this conduct "multiplie[d] the proceedings;" and (3) the award sought does not exceed the reasonable costs incurred. Id.

As an initial matter, Chopra Defendants' arguments that the automatic stay and the Barton doctrine[6] preclude sanctions are without merit as the Court already has concluded that neither the stay nor the Barton doctrine impede Plaintiff's case. (See Dkt. 53; id. at 3-4)

Nevertheless, Plaintiffs fail to show that they are entitled to sanctions under section 1927. Although the Court, in striking the Notice of Removal, found that the "overwhelming weight of authority" (Dkt. 44 at 1) was against the purported removal to Bankruptcy Court, "[s]omething more than a lack of merit" is required to establish that an attorney's conduct is unreasonable and vexatious. McMahan v. Toto, 256 F.3d 1120, 1129 (11th Cir. 2001). The conduct must be "tantamount to bad faith." Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)).

In striking the removal notice, the Court also noted that the "plain language" of the removal statute did not support Chopra Defendants' interpretation. (Dkt. 44 at 2) Nonetheless, the Court did not find or suggest that the argument was wholly without merit. Additionally, the Court recently granted the Chopra Defendants' Motion To Set Aside Default and For Leave To Enlarge Time To Respond To Complaint With Respect Only To Prohibitory Injunctive Relief (Dkt. 78), finding that there was insufficient evidence that Chopra Defendants' conduct constituted "an intentional or reckless disregard for the judicial proceedings."(Dkt. 95 at 4)

---

[6] Under the Barton doctrine, a party must obtain leave of the bankruptcy court before bringing a lawsuit in a non-appointing court against a bankruptcy trustee for acts done in his or her official capacity. Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000) (citation omitted).

In the absence of conduct that is tantamount to bad faith, as in the case here, sanctions cannot be awarded under section 1927. See Schwartz v. Million Air, Inc., 341 F.3d 1220, 1226 (11th Cir. 2003) (reversing district court's imposition of section 1927 sanctions due to lack of evidence of bad faith). Nothing in this Order, however, condones or approves the litigation conduct of the Chopra Defendants and their counsel which has consumed substantial resources not only of Plaintiffs, but also of the Court. That said, the factual predicate for the sanctions sought by Plaintiffs has not been established.

Accordingly and upon consideration, it is hereby recommended that:

(1) Plaintiffs' Motion For Sanctions and Attorneys' Fees (Dkt. 75) be **DENIED**.

**DONE and ORDERED** in Tampa, Florida on this 2nd day of May, 2013.

/s/ Elizabeth A. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge