UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOU FIT, INC., et al.,

    **Plaintiffs,**

v.                                        Case No. 8:12-cv-01917-JDW-EAJ

PLEASANTON FITNESS, LLC, et al.,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 101) from the Magistrate Judge recommending that Plaintiffs' Motion for Sanctions and Attorneys' Fees (Dkt. 75) be denied. Plaintiffs filed objections to the Report and Recommendation (Dkt. 104). Defendants have not filed a response, and the time for filing one has now expired. Upon consideration, the Report and Recommendation (Dkt. 101) is ACCEPTED and Plaintiffs' motion (Dkt. 75) is DENIED.

### STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Specific objections made to the proposed findings or recommendations of the magistrate judge are reviewed *de novo*. § 636(b)(1)(C). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. Appx. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

### DISCUSSION

Plaintiffs first object that the Magistrate Judge should have interpreted the Bankruptcy Court's Civil Minute Order denying the Motion for Remand as an "effectual remand" and awarded

attorneys' fees under 28 U.S.C. § 1447. Section 1447 provides that "*[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.*" 28 U.S.C. § 1447(c) (emphasis added). The Bankruptcy Court's order is *not* "an order remanding the case," and Plaintiffs cite no authority allowing interpretation of the statute in the manner they suggest. *See Artuz v. Bennett*, 531 U.S. 4, 10 (2000) ("Whatever the merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them."); *Wright v. Sec'y for the Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002) ("Our function is to apply statutes, to carry out the expression of the legislative will that is embodied in them, not to 'improve' statutes by altering them."). The Magistrate Judge appropriately held that § 1447(c) does not authorize an award of attorneys' fees in this case.[1]

Second, Plaintiffs object to the Magistrate Judge's recommendation that sanctions are not appropriate under 28 U.S.C. § 1927, which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 is not a "catch-all" provision available to punish counsel for any objectionable conduct. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). In order to be sanctionable, counsel's "unreasonable and vexatious" conduct must be "tantamount to bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). The decision whether to award fees under § 1927 is committed to the discretion of the trial court. *See Young Apartments, Inc. v. Town of Jupiter, Fla.*, 503 Fed. Appx. 711, 728 n.1 (11th Cir. 2003) (Whittemore, J., dissenting) (citing *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1237 (11th Cir. 2007)).

As the Magistrate Judge concluded, Plaintiffs have failed to present sufficient evidence that

---

[1] Even if fees could be awarded under § 1447(c), an award is "within the Court's sole discretion," *Diebel v. S.B. Trucking, Co.*, 262 F. Supp. 2d 1319, 1333 (M.D. Fla. 2003), which would not be exercised to award fees in this case.

defense counsel's conduct was "tantamount to bad faith." The Court has already found that Defendants' conduct did not constitute "an intentional or reckless disregard for the judicial proceedings" (Dkt. 95 at 4), and by extension counsel has not "knowingly or recklessly pursue[d] a frivolous claim or engage[d] in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Amlong*, 500 F.3d at 1242 (defining "bad faith").

Plaintiffs argue that *Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282 (D.N.M. 2009), persuasively suggests that fees should be awarded for the attempted removal, but *Doe* is not analogous or persuasive. In *Doe*, the district court sanctioned the defendant under Sections 1446(c) and 1927 for removing an Arizona state court case to the District of New Mexico, which is clearly not allowed by the federal removal statute. *Doe*, 674 F. Supp. 2d at 1283. *Doe* did not address the factual situation presented here, and, in any event, the decision of the New Mexico District Court does not affect the exercise of discretion under § 1927 in this case.

Accordingly,

1) The Report and Recommendation (Dkt. 101) is ACCEPTED and ADOPTED for all purposes, including for appellate review.

2) Plaintiffs' Motion for Sanctions and Attorneys' Fees (Dkt. 75) is DENIED.

**DONE AND ORDERED** this 5th day of June, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record